UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER ECKHARDT,

           Petitioner,

-vs-                                               Case No.  8:06-cv-483-T-17TBM

SECRETARY, FLORIDA DEPARTMENT OF
CORRECTIONS,

           Respondent.
_____

## **ORDER**

This cause is before the Court on Petitioner Christopher Eckhardt's 28 U.S.C. § 2254 petition for writ of habeas corpus. Petitioner challenges his conviction and sentence entered by the Circuit Court for the Sixth Judicial Circuit, Pinellas County, Florida.

### BACKGROUND

Petitioner states that he was convicted by jury of one count of exploitation of the elderly and was sentenced to five years incarceration followed by ten years probation. The date of the judgment of conviction was August 3, 2001. (Petition, page 2). Petitioner appealed, and the state district court of appeal affirmed, per curiam, on May 28, 2003. Eckhardt v. State, 848 So. 2d 317 (table).

On July 7, 2003, Petitioner filed a Rule 3.800(c) motion which was denied on December 2, 2003. (Petition, page 4). On August 31, 2004, Petitioner states that he filed

a Rule 3.850 motion for postconviction relief.[1] The state trial court denied relief on November 1, 2005.  On March 15, 2006, the state district court of appeal affirmed the denial of post-conviction relief. (Petition, page 6). Petitioner filed other motions and petitions in state court.  (See Petition,  page 29).   Petitioner signed the present federal petition for writ of habeas corpus on March 16, 2006.

## PETITION IS TIME-BARRED

Petitioner's petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") effective April 24, 1996. The AEDPA imposes a one-year statute of limitations on all habeas corpus petitions. In most cases, the AEDPA's limitations period begins to run from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Bond v. Moore, 309 F.3d 770, 772 (11th Cir. 2002). The Supreme Court, in Clay v. United States, 537 U.S. 522 (2003), observed that § 2244(d)(1)(A)'s reference to a judgment becoming final "by the conclusion of direct review or the expiration of the time for seeking such review" made it clear that finality, for purposes of § 2244(d)(1)(A), was to be determined by reference to a uniform federal rule, rather than to state-law rules, which might (1) differ from the general federal rule, and (2) vary from state to state. In reversing a judgment to the effect that a federal prisoner's application for postconviction relief under 28 U.S.C. § 2255 was time-barred, the Supreme Court noted that the Federal Courts of Appeals had uniformly

---

[1] Petitioner submitted a copy of the order denying the rule 3.850 motion, in part.  That order states that the motion was filed on September 3, 2004.

interpreted "direct review" in § 2244(d)(1)(A) to encompass review of a state conviction by the Supreme Court. Id.

The time during which a "properly filed" application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d)(2). In Artuz v. Bennett, 531 U.S. 4 (2000), the Supreme Court determined that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Id. at 8. Therefore, under Artuz, the Court looks to the state procedural rules governing filings to determine whether an application for state post-conviction relief is "properly filed." Wade v. Battle, 379 F.3d 1254, 1259-1260 (11th Cir. 2004).

In Petitioner's case, for purposes of 28 U.S.C. § 2244(d), his judgment is treated as final upon expiration of the ninety-day period for seeking certiorari review of the May 28, 2003, per curiam order in his direct appeal. Accordingly, his AEDPA limitations period commenced August 26, 2003. Petitioner had until August 26, 2004 to file a timely federal petition for writ of habeas corpus. He did not do so. Petitioner did not file the Rule 3.850 motion until August 31, 2004.

No portion of the periods during which Petitioner's 3.800(c) motion was pending in the state trial court tolled the running of the one-year AEDPA limitations period because a motion to mitigate sentence in Florida under rule 3.800(c) does not operate as a vehicle for collateral review of the legality of the judgment and does not qualify as a tolling application under § 2244(d). See Martinez v. Crosby, 2005 WL 3133471 (M.D. Fla., Nov. 23, 2005);

Walkowiak v. Haines, 272 F.3d 234, 237-38 (4th Cir. 2001) (A motion for reduction of sentence required by West Virginia law to be filed within 90 days after sentencing does not constitute application for collateral review within the meaning of 28 U.S.C. § 2244(d)(2).).

Unlike a motion pursuant to Florida Rule of Criminal Procedure 3.800(a), a rule 3.800(c) motion is not a collateral attack mechanism for challenging the sentence. Pursuant to rule 3.800(a), a Florida court may correct an illegal sentence, an incorrect calculation in a sentencing scoresheet, or a sentence that does not grant proper credit for jail time served when it is affirmatively alleged that the court records demonstrate on their face an entitlement to that relief. A rule 3.800(a) motion is part of the collateral review process in Florida.

In contrast, a rule 3.800(c) motion, which does not attack the legality or lawfulness of the sentence, is not a mechanism for collateral review with respect to the pertinent judgment. Rule 3.800(c) provides as follows:

> Reduction and Modification. A court may reduce or modify to include any of the provisions of chapter 948, Florida Statutes, a legal sentence imposed by it within 60 days after the imposition, or within 60 days after receipt by the court of a mandate issued by the appellate court on affirmance of the judgment and/or sentence on an original appeal, or within 60 days after receipt by the court of a certified copy of an order of the appellate court dismissing an original appeal from the judgment and/or sentence, or, if further appellate review is sought in a higher court or in successively higher courts, within 60 days after the highest state or federal court to which a timely appeal has been taken under authority of law, or in which a petition for certiorari has been timely filed under authority of law, has entered an order of affirmance or an order dismissing the appeal and/or denying certiorari. This subdivision shall not be applicable to those cases in which the death sentence is imposed or those cases in which the trial judge has imposed the minimum mandatory sentence or has no sentencing discretion.

From the plain language of the rule, it can be seen that rule 3.800(c) provides the trial court a mechanism to modify a legal sentence. Unlike a rule 3.800(a) or 3.800(b) motion, a 3.800(c) motion is not a vehicle for raising legal error in the sentence. Furthermore, denial of a rule 3.800(c) motion is not appealable, e.g., Bateman v. State, 866 So.2d 211 (Fla. 4th DCA 2004).  A rule 3.800(c) motion is not part of the "ordinary" direct or collateral review process of a conviction or sentence in Florida.

In Ford v. Moore, 296 F.3d 1035 (11th Cir. 2002), the Eleventh Circuit addressed a Florida prisoner's contention his rule 3.800 motion tolled his limitations period. The State conceded Ford's Rule 3.800 motion was a "properly filed" application for collateral review with respect to the pertinent judgment as required by AEDPA's tolling provision but argued rule 3.800 did not toll the limitations period because it did not contain a federal cognizable claim. The Eleventh Circuit did not reach the issue of whether the rule 3.800 motion raised a federal claim because the Court concluded Ford's rule 3.800 motion tolled AEDPA's limitations period even if it only contained a state law claim. Ford, 296 F.3d at 1037.

The Ford decision does not identify whether the Court was addressing a rule 3.800(a) motion. Nonetheless, it can be determined from Ford that the Eleventh Circuit was addressing the tolling effect of a rule 3.800(a) motion by the Court's citation to Wyche v. State, 624 So.2d 830, 832 (Fla. 1st DCA 1993). Ford, 296 F.3d at 1038. Wyche recognized that rule 3.800(a) is reserved for cases in which the sentence imposed is not authorized by law such as "where the sentence exceeds the statutory maximum sentence for the crime charged." Wyche, 624 So.2d at 832.

Because the purpose of a motion to modify or reduce sentence in Florida is to adjust a sentence on a prayer for leniency or mercy and is not a mechanism for review of the validity of the sentence, a rule 3.800(c) motion does not constitute collateral review as contemplated by the AEDPA tolling statute. Accordingly, Petitioner's rule 3.800(c) motion was not a tolling motion under § 2244(d)(2). Compare, Bridges v. Johnson, 284 F.3d 1201, 1203 (11th Cir. 2002)(pendency of application before state sentence review panel did not toll AEDPA's one-year limitations period; panel's sole task was to determine whether sentence was excessively harsh in comparison to other sentences for similar crimes and criminal histories and thus did not qualify as "state post-conviction or other collateral review"). Petitioner's 3.800(c) motion for mitigation is similar to a prisoner's clemency application in the sense that the motion is not an application for reviewing the validity of the judgment. Cf., Malcom v. Payne, 281 F.3d 951 (9th Cir. 2002)(petition for clemency under Washington state law was not an application for "state post-conviction or other collateral review" and therefore did not toll the statute).

By the time Petitioner filed his 2003 rule 3.850 motion on August 31, 2004 his limitations period had expired on August 24, 2004. Petitioner's rule 3.850 motion, filed after the expiration of the AEDPA limitations period, did not toll the one-year period because there was no period remaining to be tolled. See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (rejecting theory that limitations period was reinitiated upon filing of timely rule 3.850 motion outside limitations period); see also, Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.), cert. denied, 531 U.S. 991 (2000)(rejecting argument that AEDPA

limitations period tolled for time period prisoner had availed himself of new rule setting two-year limit for ineffective assistance of appellate counsel claims).

## EQUITABLE TOLLING

The Supreme Court has never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations. Pace v. DiGuglielmo, 544 U.S. 408 (2005) (because respondent assumed equitable tolling applied and because petitioner was not entitled to equitable tolling under any standard, Court assumed without deciding its application for purposes of case); cf., Pliler v. Ford, 542 U.S. 225 (2004). The Eleventh Circuit has held that equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when extraordinary circumstances have prevented an otherwise diligent petitioner from timely filing his petition. Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001). Equitable tolling is an extraordinary remedy that is typically applied sparingly; however, "it is 'appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.' " Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002).

Petitioner has not demonstrated any extraordinary circumstances that would entitle him to equitable tolling.

Accordingly, the Court orders:

1. That Petitioner's petition for writ of habeas corpus is denied. The Clerk is directed to enter judgment against Petitioner and to close this case.

     2. That, if Petitioner can demonstrate by record evidence, within 30 days of the date of this order, that the dates he provided to the Court were incorrect, the Court will consider a motion to vacate the judgment and reopen the case.

     ORDERED at Tampa, Florida, on April 3, 2006.

                        ELIZABETH A. KOVACHEVICH
                        UNITED STATES DISTRICT JUDGE

Christopher Eckhardt